IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KYLE THISTLETHWAITE,
PATRICIA THISTLETHWAITE, and
PAUL THISTLETHWAITE,

      Plaintiffs,

v.                                                                     No.

ELEMENTS BEHAVIORAL HEALTH, INC.
a foreign corporation, TRS BEHAVIORAL
CARE, INC., d/b/a THE RIGHT STEP,
a foreign corporation, and SAN CRISTOBAL
TREATMENT CENTER, LLC, a foreign limited
liability company,

      Defendants.

# NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

To:   UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW MEXICO

Defendants Elements Behavioral Health, Inc. ("EBH"), TRS Behavioral Care, Inc. ("TRS") and San Cristobal Treatment Center, LLC ("SCTC"), by and through their attorneys, Conklin, Woodcock & Ziegler, P.C., pursuant to 28 U.S.C. §1446 and D.N.M.LR-Civ. 81.1, move this Court to allow removal of the above-entitled action to the United States District Court for the District of New Mexico.

    1.    On November 21, 2013, Plaintiffs filed a Complaint alleging breach of contract, tortious interference with contract, fraud, negligent misrepresentation, intentional infliction of emotional distress, negligent infliction of emotional distress, medical negligence, negligence, and

unjust enrichment. The Complaint was filed in the Eighth Judicial District Court, County of Taos, State of New Mexico. The case was docketed as Cause No. D-820-CV-2013-00398.

2. In accordance with D.N.M.LR-Civ. 81.1(a), attached hereto as Exhibit A are copies of all pleadings served upon Defendant EBH in the Eighth Judicial District Court No. D-820-CV-2013-00398.

3. The Complaint is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and which is removable by Defendants under the provisions of 28 U.S.C. § 1441.

4. All Defendants consent to the removal of the Complaint.

5. EBH was served with the Complaint via U.S. Mail on January 22, 2014. TRS and SCTC have not been served. This Notice of Removal is being filed with this Court within thirty (30) days after service of the Complaint upon EBH, which is the first pleading naming this Defendant, and the first pleading which was served upon any of the Defendants.

6. The Complaint alleges that Plaintiffs Patricia Thistlethwaite and Paul Thistlethwaite are residents of the state of Colorado. *See* Exhibit A, Complaint, ¶¶ 4 and 7.

7. The Complaint alleges that Plaintiff Kyle Thistlethwaite is a resident of the state of North Carolina. *See* Exhibit A, Complaint, ¶ 1.

8. The Complaint names EBH as a Defendant and alleges that it is a foreign corporation, registered in the state of Delaware, with its headquarters in the state of California. *See* Exhibit A, ¶ 15.

9. The Complaint names TRS as a Defendant and alleges that it is a foreign corporation, registered in the state of Texas, with its headquarters in the state of Texas. *See* Exhibit A, ¶ 13.

10. The Complaint names SCTC as a Defendant and alleges that it is a limited liability company with its principal place of business in Taos County in the state of New Mexico. *See* Exhibit A, Complaint, ¶ 9.

11. For diversity purposes, the Tenth Circuit has adopted the partnership model of citizenship as it applies to limited liability companies, which provides that the citizenship of a limited liability company "is determined *not* by the entity's principal place of business, for it does not have one…but rather depends on the citizenship of all the members, the several persons composing such association, and each of its members." *THI of New Mexico at Hobbs Center, LLC v. Patton*, 851 F.Supp.2d 1281, 1285 (10th Cir. 2011) (emphasis added, internal citations omitted).

12. SCTC is a Texas limited liability company. Its sole member is TRS. TRS is a Texas corporation with its principal place of business in the state of Texas. EBH is a Delaware corporation with its principal place of business in the state of California. *See* Affidavit of Steven Spitz, attached hereto as Exhibit B.

13. At the time of filing the Complaint, SCTC had ceased its operations. While the Tenth Circuit has not decided this issue, in the context of a dissolved limited liability partnership, the Southern District of New York found that the partnership rule would continue to apply to determine the citizenship of the dissolved limited liability partnership. *Mudge Rose Guthrie Alexander & Ferdon v. Pickett*, 11 F.Supp.2d 449, 452 (S.D.N.Y. 1998); and *cf. Holston Investments, Inc. v. Lanlogistics Corp.*, 677 F.3d 1068, 1070-71 (11th Cir. 2012) (discussing the rules adopted by the circuits addressing the citizenship of a dissolved corporation, the eleventh circuit joined the third circuit in noting that a defunct corporation is a citizen of its state of incorporation.)

14. Based upon the allegations of the Complaint and the status of the Defendants, diversity of citizenship exists between the parties. *See* Exhibit A, Complaint; and Exhibit B.

15. The Complaint asserts claims under New Mexico law. The dispute arises following the close of SCTC, a residential treatment facility. Plaintiff Kyle Thistlethwaite was a resident at SCTC at the time the facility ceased operations. Although a specific dollar amount for an award of damages is not alleged in the Complaint, based upon the allegations of purported misconduct on the part of the Defendants, if Plaintiffs are able to prove their claims and establish an entitlement to the damages claimed, the damages would likely exceed the jurisdictional amount of $75,000. *See* Exhibit A, Complaint, ¶¶ 22, 37, and Prayer, ¶¶ E through H.

16. Plaintiffs allege that they paid $40,000 for Kyle Thistlethwaite to attend SCTC for 90 days, and SCTC breached its contract by ceasing its operations before the end of the 90 day period. *See* Exhibit A, Complaint, ¶¶ 23, 24, 29, and 30. Relative to the $40,000 payment, it would appear Plaintiffs are seeking its return as an element of damage for the alleged Breach of Contract, Count I as well as any consequential damages "in addition to the direct damages flowing from Defendant SCTC's breach of contract." *See* Exhibit A, Complaint, ¶¶ 51 and 52. Likewise, relative to the return of the $40,000 payment, under Count IX, Unjust Enrichment, Plaintiffs alleged that "[a]llowing Defendants SCTC and TRS to retain that benefit after considering the manner in which Defendants SCTC and TRS shut down its treatment facilities prior to their fulfillment of their contractual obligation would be unjust." *See* Exhibit A, Complaint, ¶ 197.

Finally, Plaintiffs allege that because of the closure of SCTC, Plaintiffs incurred "an additional amount, in excess of $50,000, towards Plaintiff Kyle T's treatment." *See* Exhibit A, Complaint, ¶ 37. Based upon the allegations on the face of the Complaint, it would appear Plaintiffs are seeking a minimum of $90,000 in compensatory and consequential damages, plus an award of punitive

4

damages, attorney's fees and costs.  *See* Exhibit A, Complaint, Prayer, ¶¶ E through H.

17. Based upon the allegations of the Complaint, if Plaintiffs are able to prove up their claims, the damages may exceed the jurisdictional amount of $75,000.

18. This Court has subject matter jurisdiction over the parties as complete diversity exists and the damages alleged, if established, likely exceed the jurisdictional amount.

19. Defendants, upon filing of this Notice of Removal, are giving written notice of the filing to Plaintiffs as required by 28 U.S.C. §1446(d), and are filing a copy of this Notice of Removal with the Clerk of the Eighth Judicial District Court, County of Taos, State of New Mexico, the Court from which this action is removed.

20. This Notice of Removal is signed pursuant to Fed.R.Civ.P. 11.

WHEREFORE, the Defendants pray that the above-entitled action be removed from the Eighth Judicial District Court, County of Taos, State of New Mexico, to this Court.

Respectfully submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

By /s/ Alisa Wigley-DeLara
Robert C. Conklin
Alisa Wigley-DeLara
320 Gold Avenue SW, Suite 800
Albuquerque, NM 87102
(505) 224-9160
*Attorneys for Defendants*

This is to certify that on this 13th day of February, 2014, the foregoing Notice of Removal was filed electronically through the CM/ECF system, which caused the following to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Dwight Thompson
Justin Lea
208 Paseo del Pueblo Sur, Suite 202
Taos, NM 87571
*Attorneys for Plaintiffs*

and filed with:

Clerk of the Court
Eighth Judicial District Court
Attn: Civil Filing Division
Taos County Courthouse
105 Albright St, Suite N
Taos, NM 87571

_____
Robert C. Conklin
Alisa Wigley-DeLara
*Attorneys for Defendants*